

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00036-CV

———————————————

IN THE INTEREST OF A.C., A CHILD

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. 25-0282-367

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Appellant S.M.H. (Mother),[1] acting pro se, attempts to appeal from the trial court's "Interlocutory Order of Termination as to Respondent Mother." But we lack jurisdiction over the appeal because there is neither a final judgment nor an appealable interlocutory order.

The order of termination does contain a "Warning: Appeal of Final Order, Pursuant to § 263.405, TFC," and "Mother Hubbard" language that "all relief requested in this case and not expressly granted is denied." But the order lists another respondent in addition to Mother—the presumed father, Y.C. (Father). Father did not appear at the hearing resulting in the termination of Mother's parental rights, and his alleged paternity and parental rights were not adjudicated. The order does not contain language that it is a final judgment as to all claims and all parties; rather, it recites that the trial court "heard and rendered this case as to respondent [Mother] ONLY[;] the matter recessed as to [Father]."

This court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders the legislature has designated as appealable. *In re P.M.*, No. 01-22-00753-CV, 2023 WL 2415598, at *1 (Tex. App.—Houston [1st Dist.] Mar. 9, 2023, no pet.) (mem. op.) (per curiam) (citing *CMH Homes v. Perez*, 340 S.W.3d

---

[1]To protect the identify of Mother's minor child, we refer to the parties by their initials or by their relationship to the minor child. *See* Tex. R. App. P. 9.8(b)(2).

444, 447–48 (Tex. 2011); Tex. Civ. Prac. & Rem. Code § 51.014 (listing appealable interlocutory orders)).

A judgment is final for purposes of appeal only if it disposes of all pending claims and parties or "states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). In contrast, an order is not final merely because it states it is "final" or "appealable" or recites that all relief not expressly granted is denied. *Id.* at 192, 205. An interlocutory parental-termination decree is not appealable. *See In re E.S.T.*, No. 01-21-00088-CV, 2021 WL 3669629, at *1 (Tex. App.—Houston [1st Dist.] Aug. 18, 2021, no pet.) (mem. op.) (per curiam) ("This Court does not have jurisdiction over interlocutory appeals of parental[-]termination decrees.").

On January 16, 2026, we notified the parties by letter of our concern that we lack jurisdiction over this appeal because there does not appear to be a final judgment or an appealable interlocutory order.[2] We instructed Mother to file a response showing grounds for continuing the appeal and warned that if she did not file a response by January 26, 2026, we could dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Mother did not file a response.[3]

---

[2]The trial-court clerk informed us that the trial-court judge has not signed a final judgment or an appealable interlocutory order.

[3]Mother filed a second notice of appeal on January 30, 2026, but that filing did not address our jurisdictional concern or show grounds for continuing the appeal.

3

The trial court heard and rendered its interlocutory order of termination as to Mother only and recessed the matter as to Father without adjudicating his paternity or parental rights. We conclude that the order Mother seeks to appeal neither "actually disposes" of all parties and all claims nor states with "unmistakable clarity" that it is intended to be a final judgment as to all parties and all claims. *See Lehmann*, 39 S.W.3d at 192–93. Thus, we hold that the order is not final and appealable and that an interlocutory appeal of the order is not authorized by statute. *See id.*; *E.S.T.*, 2021 WL 3669629, at *1. Accordingly, we dismiss this appeal for want of jurisdiction.[4] Tex. R. App. P. 43.2(f), *see E.S.T.*, WL 3669629, at *1 (dismissing appeal of parental-termination decree for want of jurisdiction when decree did not dispose of all parties and issues); *In re L.L.F.*, No. 02–11–00154–CV, 2011 WL 4008119, at *1 (Tex. App.—Fort Worth Sept. 8, 2011, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction when trial court's order terminated mother's parental rights to her four children, terminated father's rights to two of those children, but did not terminate parental rights of alleged biological father to other two children).

/s/ Brian Walker

Brian Walker
Justice

Delivered: February 26, 2026

---

[4]This dismissal is without prejudice to the filing of a new appeal after the trial court signs a final judgment or severance rendering final judgment as to Mother. *See In re L.A., G.A. III, and M.E.A.*, No. 08-24-00019-CV, 2024 WL 1776483, at *2 n.2 (Tex. App.—El Paso Apr. 24, 2024, no pet.) (mem. op.).